UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WAYNE THOMPSON, SR.,: | | CIVIL ACTION NO. 3:CV-15-0541 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| M. HAUSE, Case Manager, et al., | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner, Timothy Wayne Thompson, an individual currently incarcerated in the Allenwood Low Security Federal Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1, petition). The required filing fee has been paid.  The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1]Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those Rules, which provides that "[i]n applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States District Court." This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977), and there is

(continued...)

Petitioner states that "Case Manager M. Hause refuse[s] to adhere to policy by not updating "[Petitioner's] central file and issuing [him] a progress report in accordance with Program Statement 5803.08." (Doc. 1, petition).  Thus, the Petitioner filed the instant action in which he requests that the "staff update [his] central file with the right information and to be compensated for the undue stress that this has caused [him] and [his] family."  Id.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be

---

[1](. . .continued)
no sound reason not to apply Rule 4 in this case.

determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). In the instant petition, Thompson is neither seeking speedier nor immediate release from custody. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Thompson may have to reassert his present claims in a properly filed civil rights complaint.[2] See Wool v. York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)(McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.)(Nealon, J.)("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather

---

[2]In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Thompson may file based upon the facts asserted herein.

claims relating to the conditions of his confinement that should more appropriately

be brought under the Civil Rights Acts."). Accordingly, the petition will be

dismissed.  A separate Order will be issued.


Dated:   April 1, 2015                    /s/ William J. Nealon
                                          United States District Judge